IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FELIX GARCIA,

    Plaintiff,

vs.                                     CASE NO. 4:07-cv-474-SPM/WCS

MARTIE TAYLOR, et al.,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 40). The Parties' have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Defendants filed an objection (doc. 44). Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the report to which objections have been made. I find that the Report and Recommendation is correct and should be adopted.

Plaintiff, a pro se inmate who suffers from profound hearing loss, filed a civil rights complaint, alleging an Equal Protection violation, an Americans with Disabilities Act claim, and a Rehabilitation Act claim, stemming from the prison staff's refusal to allow him to purchase an audio device from a private vendor so

that he may listen to television. The Magistrate Judge recommends that the Defendants' Motion for Summary Judgment (doc. 34) be granted only as to any claim of the Plaintiff concerning speech therapy and claims against the Defendants in their individual capacities. The Defendants object to the Magistrate Judge's Recommendation that their Motion for Summary Judgment be otherwise denied.

Federal Civil Procedure Rule 56(c) provides for the granting of summary judgment "if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment." Lofton v. Sec'y of the Dep't of Children & Family Servs., 358 F.3d 804, 809 (11th Cir. 2004) (citing Andersen v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992)). "An issue of fact is material and genuine if a rational fact-finder could find for the nonmoving party on a fact necessary to establish an element of the claim under applicable substantive law." Ross Neely Sys. v. Occidental Fire & Cas. Co., 196 F.3d 1347, 1350 (11th Cir. 1999). A "party opposing a properly-supported motion for summary judgment 'may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this

rule--set out specific facts showing a genuine issue for trial.'" Brannon v. Thomas County Jail, 2008 U.S. App. LEXIS 12488, 5-6 (11th Cir. June 9, 2008) (citing Fed. R. Civ. P. 56(e)). "There is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable fact-finder could return a verdict in its favor." Brannon at 5-6 (quoting Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001)).

Title II of the Americans with Disabilities Act prohibits a "public entity" from discriminating against "a qualified individual with a disability" on account of the individual's disability, as follows:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132, *quoted in* Bircoll v. Miami-Dade County, 480 F.3d 1072, 1081 (11th Cir. 2007). Plaintiff alleges that the refusal to accommodate his disability by allowing him to obtain a hearing device from a private vendor deprived him of the benefit of television. Defendants object that, among other things, closed captioning on the televisions is sufficient accommodation of the Plaintiff's hearing abilities. However, as there is sufficient evidence that the availability of closed captioning has not reasonably accommodated the Plaintiff's disability, the Motion for Summary Judgment as to the ADA claim must be denied.

The elements of a claim under the Rehabilitation Act are essentially the same as a claim under the Americans with Disabilities Act, except that the Defendant must be a recipient of federal funds. Defendants object that the Department of Corrections does not receive federal funds for the provision of television service to inmates. As the Plaintiff has countered the Defendants' assertion with sufficient evidence to render the issue a triable question of fact, the Motion for Summary Judgment as to the Rehabilitation Act claim must be denied.

The Plaintiff's Equal Protection claim alleges that other inmates have been able to obtain special audio equipment, while his request was denied. Defendants state that a change in policy regarding the use of special audio equipment was necessitated by security concerns. There is a triable issue of material fact as to this change in policy and the concerns which underlie it. Hence, the Motion for Summary Judgment must be denied as to the Equal Protection claim.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 40) is ***adopted*** and incorporated by reference into this order.
2. The Defendants' Motion for Summary Judgment (doc. 34) is granted as to any claim concerning speech therapy, and claims against Defendants in their individual capacities. The motion is

otherwise denied.

DONE AND ORDERED this <u>eleventh</u> day of August, 2009.

        *s/ Stephan P. Mickle*
        Stephan P. Mickle
        Chief United States District Judge