IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FELIX GARCIA,

    Plaintiff,

vs.                                   Case No. 4:07cv474-SPM/WCS

WALTER McNEIL, TOMMY YOUNG,
MARTIE TAYLOR, and LONG N. DO,

    Defendants.

                                    /

## REPORT AND RECOMMENDATION

Plaintiff, who is represented by counsel in this prisoner civil rights action, filed a revised motion seeking leave to file a second amended complaint. Doc. 120. Plaintiff Garcia seeks to add two additional prisoner Plaintiffs with similar, if not identical, claims, and to allege a class action. Doc. 120, p. 3. The proposed amended complaint is document 121. Defendants filed a response. Doc. 128. With leave, Plaintiff filed a reply. Doc. 132.

F ED. R. C IV. P. 15(a)(2) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "[t]he court should freely give leave when justice so requires."

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). "A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.' " Coventry First, LLC v. McCarty, 605 F.3d 865, 869 (11th Cir. 2010) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir.2007)).

Defendants object to joinder of two new Plaintiffs. Citing Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001), *cert. denied* 534 U.S. 1136 (2002), Defendants argue that "joining of multiple Plaintiffs into a lawsuit travelling [sic] under one filing fee" would be futile. Doc. 128, p. 2. Defendants contend that joining two new Plaintiffs would "circumvent this holding [in Hubbard] and permit each of the new Plaintiffs to avoid paying their own filing fee for a case subject to the PLRA." *Id.*

Plaintiff, in response, asserts that Defendants have misunderstood "the relief sought in Plaintiff's Motion." Doc. 132, p. 2. Plaintiff states that the motion "alleges the existence of a Plaintiff class pursuant to Federal Rule of Civil Procedure 23, not the joinder of multiple individual plaintiffs pursuant to Federal Rule of Civil Procedure 20 or the intervention of several prisoner plaintiffs pursuant to Federal Rule of Civil Procedure 24." *Id.* Plaintiff is moving "to convert this existing lawsuit into a class action pursuant to Rule 23." *Id.* Indeed, the proposed revised second amended complaint alleges that "joinder of all members" of the class of inmates is impracticable. Doc. 121, p. 6. Plaintiff "concedes the PLRA requires – at least in this circuit – that each *pro se* prisoner

filing a civil action with multiple plaintiffs in a Rule 20 joinder action must" each pay the full filing fee. Doc. 132, p. 2.

In Hubbard v. Haley, a group of 18 prisoners dialysis patients filed a *pro se* civil rights case alleging that their medical care was below Eighth Amendment standards. Hubbard, 262 F.3d at 1195. The district court *sua sponte* dismissed the case, "finding that each plaintiff had to file a separate complaint and pay a separate filing fee." 262 F.3d at 1195. "Several of the plaintiffs filed a motion for reconsideration of the dismissal coupled with a motion for class certification." *Id.* "The district court denied both the motion for class certification and the motion for reconsideration." *Id.* An appeal was filed to review the question of law as to whether the Prison Litigation Reform Act permits multi-plaintiff *in forma pauperis* civil actions. *Id.*, at 1196.

The Eleventh Circuit "noted that the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." *Id.*, at 1196, *citing* Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997). The Court rejected the plaintiffs' argument that the "PLRA should not be read to repeal Rule 20[1] but to harmonize with Rule 20." 262 F.3d at 1197. The Court said: "Finally, to the extent that the Rules Enabling Act, as expressed in Rule 20, actually conflicts with the PLRA, we hold that the statute repeals the Rule." 262 F.3d at 1198. Hubbard

---

[1] Rule 20, which concerns permissive joinder of parties, provides:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(1).

concluded "that the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee.' " *Id.*

Other courts disagree in part.  In Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004), several *pro se* prisoners sought to join in one complaint pursuant to Rule 20.  391 F.3d at 853.  The court held that the PLRA did not repeal Rule 20, and prisoners may join in a single complaint.  *Id.*, 854.  Then, citing Hubard, the court held that each prisoner had to pay the full filing fee.  *Id.*, at 855-856.  Likewise, in Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), *pro se* prisoners sought to join in a single complaint.  570 F.3d at 149.  Citing Hubbard and Boriboune, the court held that each prisoner is liable for the full filing fee, but joinder is permitted and the PLRA did not repeal Rule 20.  *Id.*, at 152-156.  Finally, in the Sixth Circuit there is an administrative order that both allows joinder and assesses only one filing fee, to be paid jointly by the prisoners.  In re Prison Litigation Reform Act, 105 F.3d 1131, 1137-1138 (6th Cir. 1997).

I recognize that Hubbard found only a limited repeal of Rule 20, limited by the facts of that case.  The prisoners in Hubbard did not have a lawyer and could not bring a class action,[2] and it is arguable that a prisoner who is represented by a lawyer will be less likely to bring a frivolous claim.  Indeed, in the case at bar, Defendant's motion for summary judgment as to Plaintiff Garcia's claim has been denied, so at least Garcia's claim is not frivolous.  But the Prison Litigation Reform Act says nothing about whether the prisoner has a lawyer or not.  It only addresses liability for the filing fee.  The

---

[2] A *pro se* plaintiff "cannot be an adequate class representative." Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978), *citing* Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

addition of the two new Plaintiffs is governed by Rule 20, not Rule 23.  <u>Hubbard</u> decided that since every prisoner must pay a full filing fee, and since other litigants who join together in one complaint pay only one filing fee, prisoners cannot join under Rule 20.  That means that the prisoners here, who have a lawyer and who do not pursue frivolous claims, cannot join under Rule 20 in light of <u>Hubbard</u> – even if each of them pays $350.  This court is bound by <u>Hubbard</u>.

Defendants have not addressed proposed amendment to add class action allegations.  Those allegations should be permitted.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion to amend, doc. 120, be **GRANTED** in part and **DENIED** in part.  Plaintiff Garcia should be permitted to file an amended complaint with class action allegations, but the additional Plaintiffs should not be permitted to join pursuant to Rule 20.

**IN CHAMBERS** at Tallahassee, Florida, on August 12, 2010.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**