IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FELIX GARCIA,

    Plaintiff,

vs.                                 CASE NO. 4:07-cv-474-SPM/WCS

WALTER MCNEIL, et al.,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 135), which recommends that the Plaintiff's Motion to File a Second Amended Complaint (doc. 120) be granted in part and denied in part. The Parties have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff filed an objection (doc. 138), to which Defendants responded (doc. 139). Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the report to which objections have been made. I find that the Report and Recommendation is correct and should be adopted.

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff, an inmate proceeding in forma pauperis (doc. 4), is foreclosed from amending his

complaint so as to add two additional prisoner plaintiffs in a proposed class action, pursuant to the Eleventh Circuit's interpretation of the Prison Litigation Reform Act [PLRA] in <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001). 28 U.S.C. § 1915(b)(1) requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee." In <u>Hubbard</u>, the Eleventh Circuit affirmed the district court's dismissal of a civil rights action brought by 18 prisoner plaintiffs, concluding that "[b]ecause the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee, we hold that the district court properly dismissed the multi-plaintiff action[.]" 262 F.3d at 1198.

Plaintiff seeks to distinguish the proposed addition of two prisoner plaintiffs in the instant case from the multi-plaintiff action which was properly dismissed in the <u>Hubbard</u> case by pointing out that, as a proposed class action, the addition of plaintiffs in the present case is governed by Federal Rule of Civil Procedure 23, a distinct procedural provision from Federal Rule of Civil Procedure 20, which was at issue in <u>Hubbard</u>. However, the Court finds that the maintenance of any action involving multiple prisoner plaintiffs for which only one filing fee has been paid is contrary to the Eleventh Circuit's holding in <u>Hubbard</u>, whether such association of plaintiffs is construed as governed by the joinder provisions of Rule 20 or the class action provisions of Rule 23, as the effect of either aggregation of plaintiffs is to violate the filing fee requirement of the Prison

Litigation Reform Act as expressed in Hubbard. See Daker v. Wetherington, 469 F.Supp.2d 1231 (N.D. Ga. 2007) (ruling that the PLRA prevents the intervention of a prisoner in the action of another prisoner under Federal Rule of Civil Procedure 24).

Plaintiff's counsel also cites two multiple plaintiff prisoner suits, one a class action, which the Eleventh Circuit has ruled on since Hubbard was decided, in support of the proposition that such actions are permissible, even though only one filing fee was paid for each. See Chandler v. Crosby, 379 F.3d 1278 (11th Cir. 2004); Thomas v. Bryant, 614 F.3d 1288 (11th Cir. 2010). However, it appears that the issues of the filing fee requirement and the effect of the Hubbard decision were not raised or addressed in either of these cases.

As "the intent of Congress in promulgating the PLRA was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee[,]" Plaintiff is foreclosed from amending his complaint so as to add two additional named prisoner plaintiffs in a proposed class action. Hubbard, 262 F.3d at 1195.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 135) is *adopted* and incorporated by reference into this order.

2. Plaintiff's Motion to Amend (doc. 120) is granted in part and denied in part. Plaintiff is permitted to file an amended complaint with class

action allegations, but the addition of prisoner plaintiffs is not permitted.

DONE AND ORDERED this <u>twenty-second</u> day of November, 2010.

<u>　　　*s/ Stephan P. Mickle*　　　</u>
Stephan P. Mickle
Chief United States District Judge