# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

FELIX GARCIA,

    Plaintiff,

vs.                                      Case No. 4:07cv474-SPM/WCS

WALTER McNEIL, TOMMY YOUNG,
MARTIE TAYLOR, and LONG N. DO,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On January 11, 2011, Plaintiff, who is represented by counsel, filed a motion to consolidate this case with two other cases. Doc. 167. Defendants have filed a response in opposition to the motion. Doc. 182.

Plaintiff contends that this civil rights action should be consolidated with two other related cases, Johnson v. Florida Department of Corrections, 4:10cv570-SPM/WCS, and Blackburn v. Florida Department of Corrections, 4:10cv569-SPM/WCS. Plaintiff asserts that each of these cases are related to this one because each case requests "principally the same relief, based on the same unlawful conduct by the same Defendants." Doc. 167, p. 2. This case has been proceeding with counsel for Plaintiff

since early October, 2009.[1]  *Id.*, at 2.  Discovery has taken place in this case, and counsel indicates that just recently the two other prisoners, Blackburn and Johnson, initiated their suits.  *Id.*, at 3.  The cases could not previously be joined as each inmate is required to pay his own filing fee.  *Id.*, at 3.  However, now that the filing fee issue is resolved, Plaintiff seeks to consolidate these cases and states a future intention to file an amended complaint in this case to proceed as a class action.  *Id.*, at 3.  Plaintiff argues consolidation is appropriate because there is a common Defendant (the Department of Corrections), common questions of fact and law, no risk of prejudice or confusion and, indeed, a risk exists for conflicting results if the case were to separately proceed to trial.  *Id.*, at 5.  Plaintiff contends that judicial economy is served by consolidating these cases, notwithstanding the fact that these "cases are at different discovery stages . . . ."  6-7.

In response, Defendants contend that consolidation is not appropriate as personal jurisdiction does not yet exist over any defendant in the other two cases.  Doc. 182, pp. 1-4.  Moreover, Defendants suggest that consolidation is premature until such time as the other cases have proceeded past the PLRA's requirements for exhaustion and the issue of consolidation should be taken up at a later date.

The *Blackburn* case was initiated on December 23, 2010, with Plaintiff represented by counsel.  Docs. 1-6.  Summons were issued on January 12, 2011, and a waiver of service returned on February 18, 2011.  Docs. 12, 13.  The *Johnson* case stands in precisely the same footing as *Blackburn*.  *See* docs. 1-6, 10, and 12.  No

---

[1] Yet this case was initiated by Plaintiff *pro se* on November 7, 2007, and Defendants' summary judgment motion denied in part on August 11, 2009.  Doc. 47.

answers are yet due in either of those cases. Here, discovery concluded on June 30, 2010, *see* doc. 98 of *Garcia*, and this case is on the verge of trial.[2]

While there are issues of law and fact common to all three cases, this case is near conclusion. Consolidation of this case with the others will delay the outcome for another two years. It is time to find out the merits of the claim in this case. That is especially true as this case has begun to spawn collateral litigation. The outcome in this case will, undoubtedly, affect the course of other cases, but that outcome should not be delayed any further. There is little risk of inconsistent outcomes. All cases are assigned to Chief Judge Mickle.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to consolidate, doc. 167, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 23, 2011.


     S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] Plaintiff requested additional time in which to file a dispositive motion, doc. 127, but the summary judgment proceedings were stayed. Doc. 130. It was first necessary to resolve the motion to file an amended complaint and the issue of whether this case could proceed as a class action.