**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division**

**Case No. 4:07-CV-474-SPM/WCS**

| | |
|---|---|
| FELIX GARCIA, individually and on behalf of a Class of persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| EDWIN BUSS, in his official capacity, | ) ) ) |
| Defendant. | ) ) ) |

## *REVISED* SECOND AMENDED COMPLAINT – CLASS ACTION

**with**

## JURY DEMAND

1.     This is a class action for declaratory and injunctive relief, and nominal damages, alleging that the Defendant, in violation of the Americans with Disabilities Act, and the Rehabilitation Act, has deprived Plaintiff and a class of similarly situated persons of the enjoyment and benefits of being able to listen to the television and radio solely as a result of their status as deaf and/or hard of hearing. Plaintiff, Felix Garcia, individually and on behalf of a class of persons similarly situated, seeks declaratory and injunctive relief, and nominal damages.

## Jurisdiction and Venue

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitution, laws, and/or treaties of the United States.

3.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured to the Plaintiff by the Constitution, laws, and/or treaties of the United States.

4.   Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1337, in that this is a civil action or proceeding arising under an Act of Congress regulating commerce and/or protecting trade and commerce against restraints and monopolies.

5.   Plaintiff's claims for relief are predicated, in part, on Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 12205, which authorizes the award of attorneys' fees and costs to a prevailing Plaintiff in actions brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

6.   Plaintiff's claims for relief are predicated, in part, on Section 504 of the Rehabilitation Act, and Section 505 of the Rehabilitation Act, 29 U.S.C. § 794a, which authorizes the award of attorneys' fees and costs to a prevailing Plaintiff in actions brought pursuant to Section 504 of the Rehabilitation Act.

7.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1391(c), as Defendant Buss is headquartered in the Northern District of Florida.

8.    Plaintiff seeks a preliminary and permanent injunction pursuant to Rule 65, Federal Rules of Civil Procedure.

## Parties

9. Plaintiff, Felix Garcia, is an inmate temporarily being confined at Reception and Medical Center (hereinafter "RMC") in Union County, Florida, a correctional facility owned and operated by the Florida Department of Corrections (hereinafter "FDOC"). Felix Garcia has profound hearing loss.

10. Plaintiff, Felix Garcia, has exhausted his state administrative remedies, by use of the inmate grievance procedure, in an effort to be allowed to purchase a radio and other necessary devices that would allow him to hear the radio, and to be assured that he will be housed at an institution that transmits television audio over radio signals, so that he may be able to enjoy the television as the non-deaf and/or hard of hearing inmates do. Plaintiff Garcia has also requested compensation for the Defendant's deliberate indifference.

11. The class of Plaintiffs consists of all persons who are currently in the custody of the Florida Department of Corrections (hereinafter "FDOC"), or who, in the future will come into the custody of the FDOC, and who are deaf and/or hard of hearing, and who cannot enjoy radio and television programming without electronic assistive devices and access to a television, which is connected to a radio transmitter for the purpose of broadcasting the television audio over radio signals (hereinafter "Plaintiff Class").

12. Defendant Edwin Buss is the Secretary of the FDOC,[1] and is sued in his official capacity.

13. Tommy Young was the Assistant Warden of Programs at Polk County Correctional Institution and also acted as the Americans with Disabilities Act Intake Coordinator at Polk County Correctional Institution during the relevant time period.

---

[1] Pursuant to Rule 25(d), Fed.R.Civ.Pro., Defendant Buss is automatically substituted for former Secretary Walter McNeil as of February 14, 2011.

{07034396;1}

14. Martie Taylor is the Americans with Disabilities Act Coordinator for the FDOC.

15. Dr. Long N. Do is the Chief Health Officer at Polk Correctional Institution.

16. At all times material to this action, Defendant Edwin Buss, Tommy Young, Martie Taylor, and Long N. Do were acting under color of state law and their actions constitute state action. Additionally, Defendant Buss was and is a recipient of federal funds at all times relevant. Accordingly, Defendant is subject to suit pursuant to Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

## Class Action Allegations

17. This action is brought as a class action, pursuant to the provisions of Rule 23(b)(2) of the Federal Rules of Civil Procedure and Local Rule 23.1, N.D. Fla., for injunctive and declaratory relief, and nominal damages on behalf of a class of all persons similarly situated.

18. The class of Plaintiffs consists of all persons who are currently in the custody of the Florida Department of Corrections, or who, in the future will come into the custody of the FDOC, and who are deaf and/or hard of hearing, and who cannot enjoy radio and television programming without electronic assistive devices and access to a television, which is connected to a radio transmitter for the purpose of broadcasting the television audio over radio signals.

19. The Plaintiff Class consists of an unknown but large number of inmates throughout the State of Florida, so that joinder of all members is impracticable.

20. Controlling issues of law and fact are common to all members of the Plaintiff Class in that the failure to accommodate the needs of deaf and/or hard of hearing inmates, as alleged in this Complaint, is common to all such inmates in the custody of the FDOC and the discrimination that results is imposed as a matter of policy, pattern, practice and custom.

21. Mr. Garcia's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and the Plaintiff Class are victims of discrimination based on their disability status contrary to, among others, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 12205, and Section 504 of the Rehabilitation Act.

22. Defendant has acted on grounds generally applicable to the Plaintiff Class as a whole; therefore, final injunctive and declaratory relief with respect to the Plaintiff Class as a whole is appropriate.

23. The policy, pattern, practice and custom of failing to accommodate the needs of deaf and/or hard of hearing inmates presents common questions of law and fact, which predominate over any questions affecting only individual members of the Plaintiff Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Mr. Garcia is represented by experienced counsel who specialize in civil rights and class action litigation on behalf of inmates. One of Plaintiffs' attorneys is experienced in serving the legal needs of the deaf and hard of hearing, and she knows American Sign Language (ASL).

25. The prosecution of separate actions by individual members of the Plaintiff Class would create a risk that inconsistent or varying adjudications with respect to individual members of the Plaintiff Class would establish incompatible standards of conduct for the parties opposing the Plaintiff Class.

26. The prosecution of separate actions by individual members of the Plaintiff Class would create a risk of inconsistent adjudications with respect to individual members of the

Plaintiff Class which would, as a practical matter, substantially impair or impede the ability of the other members of the Plaintiff Class to protect their interests.

27.   Mr. Garcia will fairly and adequately protect the interests of the members of the Plaintiff Class.  Mr. Garcia's interests are consistent with and not antagonistic to the interests of the Plaintiff Class.  Mr. Garcia has a strong personal interest in the outcome of this action and has no conflicts with members of the Plaintiff Class.  In fact, two other putative Plaintiff Class members, Tracy Blackburn and Charles Johnson, have filed separate actions, and are seeking to have their matters consolidated with the instant matter, and to ultimately become additional named plaintiffs in the proposed class action.

28.   Mr. Garcia and the Plaintiff Class have been damaged as a result of the Defendant's wrongs alleged herein.

29.   A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties.  Mr. Garcia is informed and believes, and thereupon alleges, that the interests of members of the Plaintiff Class in individually controlling the prosecution of a separate action is low in that most members of the Plaintiff Class would be unable individually to prosecute any action at all.  Mr. Garcia is informed and believes, and thereupon alleges, that most members of the Plaintiff Class will not be able to find counsel to represent them.  Mr. Garcia is informed and believes, and thereupon alleges, that it is desirable to concentrate all litigation in one forum.  It will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

### General Factual Allegations

30.   The FDOC has placed most deaf and/or hard of hearing inmates in one of several correctional facilities designated for the deaf and/or hard of hearing.

31. There are numerous deaf and/or hard of hearing inmates under the supervision and control of the FDOC, who are unable to enjoy the television and/or radio, because the FDOC has discriminated against them because of their hearing disability by refusing to provide them with a reasonable accommodation, namely, to be allowed to purchase a radio and other necessary devices that would allow them to hear the radio, and to be assured that they will be housed at an institution that transmits television audio over radio signals, so that they may be able to enjoy the television, just as the non-deaf and/or hard of hearing inmates do.

32. Martie Taylor, FDOC's Americans with Disabilities Act Coordinator, has received numerous requests from inmates throughout the FDOC asking for a reasonable accommodation that would allow them to hear the television and/or radio. Ms. Taylor has made no effort to provide a reasonable accommodation for these deaf and/or hard of hearing inmates by making suitable electronic devices available for purchase.

33. Defendant has refused all of these requests, and therefore have been deliberately indifferent to Mr. Garcia's and the Plaintiff Class's need for a reasonable accommodation.

34. Mr. Garcia and the Plaintiff Class have been damaged as a result of the Defendant's wrongs alleged herein.

### Felix Garcia's Factual Allegations

35. Felix Garcia is a state prisoner currently incarcerated at RMC. Mr. Garcia is completely deaf in his left ear and severely hard of hearing in his right ear.

36. Felix Garcia has had fourteen operations on his ear canals since being incarcerated. These operations have left him profoundly deaf in his left ear and severely hard of hearing in his right ear. Mr. Garcia requires the use of powerful hearing aids in order to hear in his right ear.

37. Mr. Garcia cannot listen to AM/FM radio stations with the radios available through the prison canteen, because they are ineffective in accommodating his profound hearing loss.

38. Mr. Garcia is also unable to enjoy the television, as the television audio is inaccessible to Mr. Garcia without the sought after reasonable accommodation. Additionally, not all stations and programs have closed-captioning; Mr. Garcia has a difficult time reading the closed-captioning when available, because of his literacy level, and sometimes the words come across garbled.

39. Mr. Garcia had equipment that allowed him to hear the television and radio while he was incarcerated at Charlotte Correctional Institution in Charlotte County, Florida.

40. Mr. Garcia was subsequently transferred to Polk Correctional Institution (hereinafter "Polk"), and his equipment was taken away from him and destroyed by the FDOC.

41. The FDOC formerly made available for purchase through the canteen a higher decibel radio, but after the canteen vendor eliminated the radio, the FDOC made no attempt to find a replacement radio that deaf and/or hard of hearing inmates could purchase.

42. On or about June 26, 2007, Mr. Garcia submitted a formal accommodation request for authorization to purchase from an outside vendor a high decibel level AM/FM radio that would allow him to hear the radio and television, just as other inmates do.

43. Mr. Garcia's request was denied. Dr. Do stated that he was unsure that the higher decibel radio would provide any better benefit than the radio available through the prison canteen. However, that assumption was neither investigated nor verified. Dr. Do did not send Mr. Garcia to an audiologist for testing as required by FDOC Health Services Bulletin prior to denying his request. Dr. Do also stated that Polk Correctional Institution had already provided

him reasonable accommodations regarding his hearing loss, including the closed-captioned television, a TTY phone, and a radio available through the prison canteen.

44. Similarly, and again with little to no investigation or verification, on August 23, 2007, Ms. Taylor agreed with Dr. Do's opinion and Tommy Young's ultimate decision to deny Mr. Garcia's reasonable accommodation request.

45. On or about August 26, 2007, Mr. Garcia filed another grievance requesting that he be allowed to purchase a high-decibel radio, reminding Defendant that the radios sold thorough the canteen were insufficient to accommodate his profound hearing loss. This grievance, like his reasonable accommodation request, was denied by Tommy Young on August 30, 2007.

46. Mr. Garcia then appealed the denial of his grievance on September 3, 2007, to the Defendant Secretary of the FDOC. Once again, Mr. Garcia's request was denied without investigation or verification.

47. On February 26, 2010, Mr. Garcia submitted another grievance to the Warden of Polk Correctional Institution, as it became apparent that the Defendant was being deliberately indifferent to his need for a reasonable accommodation:

> I require an electronic device or devices that will allow me to hear the radio and television, so that I can fully understand the spoken words and/or information coming through my hearing aids, when attempting to watch television or listen to the radio. I require a device that will work in light of the physical shape and/or absence of my ear lobes. To date, the Florida Department of Corrections (hereinafter "Department") has been deliberately indifferent to my need for a reasonable accommodation; as a result of the Department's deliberate indifference, I have suffered, among other things, the following damages: effective access and enjoyment of the use of the television and radio, the loss of my personal listening devices, access to classes and/or other programs, and the use of the television as a therapeutic method to develop my speech reading abilities. I request that the Department purchase and allow me to maintain an electronic device or devices that will allow me to hear the radio and television, as articulated above, and provide me with monetary compensation for, among other

things, the aforementioned damages, pain and mental anguish, humiliation, and for my attorneys' fees and costs. I also request nominal damages for the Department's deliberate indifference to my need for a reasonable accommodation.

48. On March 11, 2010, Dr. Do responded by saying that the medical department had no authority to approve the purchase of an electronic device as Mr. Garcia had listed in his accommodation request. Dr. Do further instructed Mr. Garcia to address the issue with the Warden, despite the fact that Mr. Garcia's grievance was directed to the Warden, not Dr. Do.

49. On March 12, 2010, Mr. Garcia filed an appeal to the Defendant Secretary, wherein he incorporated by reference his February 26, 2010 grievance. Defendant Secretary failed to respond to Mr. Garcia's appeal within the timeframe prescribed by Rule 33, Florida Administrative Code.

50. Mr. Garcia used every possible avenue available to him to bring his need for a reasonable accommodation to the attention of those at Polk Correctional Institution and the FDOC generally. In response, the Defendant has been deliberately indifferent to Mr. Garcia's need for an accommodation, thereby discriminating against him.

51. On or about April 1, 2010, Plaintiff's counsel purchased equipment suggested by Mr. Garcia in order to test said equipment on Mr. Garcia at his institution. Eventually, Defendant requested that Plaintiff's counsel provide them with the equipment to determine if it presented a security risk. Defendant's chief of security operations, James Upchurch, examined the equipment and approved it. The equipment was then sent to Mr. Garcia for testing. On or about June 10, 2010, the equipment was tested, and it worked flawlessly.

52. The equipment was returned to Plaintiff's counsel.

53. Despite the fact that all of Mr. Garcia's grievances and appeals were denied, on August 20, 2010, Martie Taylor delivered a letter to Mr. Garcia, wherein she indicates that he is

authorized to purchase the equipment his attorneys provided to him for testing purposes. The letter does not indicate where the equipment can be purchased from, nor does it indicate the manufacturer or model number. Accordingly, the equipment has not been made available to Mr. Garcia and the other inmates in the Plaintiff Class as it is unavailable for purchase through the canteen, and no instructions have been provided for alternatives means to purchase the equipment. Additionally, the FDOC has previously taken similar equipment away from Mr. Garcia upon his transfer to Polk, and therefore, Mr. Garcia requires assurances that the equipment will remain with him. Accordingly, Mr. Garcia's reasonable accommodation request has been in effect denied, despite Ms. Taylor's letter.

54. Subsequently, Mr. Garcia was transferred to institutions that do not transmit television audio over radio signals.

55. As a result of being transferred to institutions that do not transmit television audio over radio signals, the equipment alone will no longer accommodate Mr. Garcia's disability.

56. Other unnamed Plaintiff Class members have similarly grieved their inability to obtain the equipment, and the Defendant has similarly denied their requests.

57. Mr. Garcia and the Plaintiff Class have been damaged as a result of the Defendant's wrongs alleged herein.

58. Accordingly, Mr. Garcia and the Plaintiff Class are in need of judicial intervention in order to be free from discrimination, and to enjoy the benefits and services available to non-disabled inmates, namely, the ability to watch and listen to television and radio; and to be compensated for their damages.

**Count One – Violations of Title II of the American with Disabilities Act**

59. Plaintiff repeats and realleges paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

60. This Count One is a claim by Mr. Garcia, individually and on behalf of the Plaintiff Class, for disability discrimination against the Defendant for violations of Title II of the Americans with Disabilities Discrimination Act, 42 U.S.C. § 12101 et seq., (hereinafter the "ADA"), which provides in pertinent part at 42 U.S.C. § 12132:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity.
>
> Title II of the Act prohibits, among other things:
>
> - limiting a qualified individual's enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service of a public entity; and
>
> - subjecting a qualified individual to discrimination under any program or activity conducted by a public entity.

28 C.F.R § 35.130.

61. Mr. Garcia and the Plaintiff Class are disabled as defined at 42 U.S.C. § 12102(1) and are "qualified individuals" as defined at 42 U.S.C. § 12131(2), as they are hard of hearing and/or deaf.

> "Qualified Individual" means an individual with a disability who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the entity (with or without regard to any auxiliary aids or modifications).

42 U.S.C. § 12131(2).

62. Defendant, sued in his official capacity, is to be considered as if he is the FDOC. The FDOC is a public entity that has violated Title II of the ADA.

63. Defendant's prisons and their operations comprise a program and service for purposes of Title II of the ADA.

64. Defendant acknowledged that his agents and employees were authorized to act for the FDOC when they committed the ADA violations alleged herein. Defendant's agents and employees accepted the undertaking of acting on behalf of Defendant when they committed the ADA violations alleged herein. Defendant had control over his agents and employees when they committed the ADA violations alleged herein.

65. The ADA violations alleged herein and committed by Defendant, their agents, and employees were done while acting within the course and scope of their employ and/or agency with FDOC. Thus, Defendant is liable and/or vicariously liable for the ADA violations alleged herein.

66. Mr. Garcia, and numerous other Plaintiff Class inmates, alerted Defendant and other FDOC policymakers of their need for a reasonable accommodation.

67. Defendant and other FDOC policymakers knew and/or should have known of Mr. Garcia's and the Plaintiff Class's need for a reasonable accommodation.

68. Defendant and other FDOC policymakers acted intentionally and/or with deliberate indifference to Mr. Garcia's and the Plaintiff Class's need for a reasonable accommodation by, among other things:

>   A. failing and intentionally refusing to authorize the devices Mr. Garcia and the Plaintiff Class requested when such equipment was necessary to reasonably accommodate their disabilities;

B. failing and intentionally refusing to ensure that Mr. Garcia and the Plaintiff Class will be housed at institutions that transmit television audio over radio signals;

C. failing and intentionally refusing to investigate into what accommodation for Mr. Garcia and the Plaintiff Class's disabilities would have been reasonable; and

D. failing and intentionally refusing to reasonably accommodate Mr. Garcia and the Plaintiff Class's serious disability.

WHEREFORE, on this Count One, Mr. Garcia and the Plaintiff Class demand the following relief:

A. a judgment declaring that the Defendant has discriminated against Mr. Garcia and the Plaintiff Class in violation of Title II of the Americans with Disabilities Act;

B. a preliminary and permanent injunction enjoining Defendant, his successors in office, his agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of violating the ADA and requiring Defendant to immediately adopt a plan, policy, practice, and/or procedure, which will accommodate the needs of deaf and/or hard of hearing inmates by providing them with an opportunity to purchase a radio and other necessary devices that would allow them to hear the radio, and to be assured that they will be housed at an institution that transmits television audio over radio signals, so that they may be able to enjoy the television, as the non-deaf and/or hard of hearing inmates do;

C. a preliminary and permanent injunction enjoining Defendant from taking approved equipment away from Mr. Garcia and the Plaintiff Class, once Mr. Garcia and

{07034396;1}
- 14 -

the Plaintiff Class are afforded the opportunity to purchase approved equipment that will allow them to hear the television and radio;

D. a preliminary and permanent injunction enjoining Defendant from transferring Mr. Garcia and the Plaintiff Class to institutions that do not transmit television audio over radio signals;

E. an award to Mr. Garcia and the Plaintiff Class of their attorneys' fees, expenses and costs of suit, pursuant to 42 U.S.C. § 12205;

F. an award to Mr. Garcia and the Plaintiff Class of nominal damages for unjust discrimination; and

G. such other relief as the Court may deem equitable and just under the circumstances.

### Count Two – Violations of § 504 of the Rehabilitation Act

69. Plaintiff repeats and realleges paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

70. This Count Two is a claim by Mr. Garcia, individually and on behalf of the Plaintiff Class, for disability discrimination against the Defendant for violations of Section 504 of the Rehabilitation Act (hereinafter the "Rehabilitation Act").

71. Defendant was and is a recipient of federal funds at all times relevant.

72. Mr. Garcia and the Plaintiff Class are disabled, as they are hard of hearing and/or deaf.

73. Mr. Garcia and the Plaintiff Class are "qualified individuals."

74. Defendant, sued in his official capacity, is to be considered as if he is the FDOC. The FDOC is and was a recipient of federal funds, and is therefore subject to suit under the Rehabilitation Act.

75. Defendant's prisons are facilities, and their operations comprise a program and service for purposes of the Rehabilitation Act.

76. Defendant acknowledged that his agents and employees were authorized to act for him when they committed the Rehabilitation Act violations alleged herein. Defendant's agents and employees accepted the undertaking of acting on behalf of Defendant when they committed the Rehabilitation Act violations alleged herein. Defendant had control over his agents and employees when they committed the Rehabilitation Act violations alleged herein.

77. The Rehabilitation Act violations alleged herein and committed by Defendant, his agents, and employees were done while acting within the course and scope of their employ and/or agency with FDOC. Thus, Defendant is liable and/or vicariously liable for the Rehabilitation Act violations alleged herein.

78. Mr. Garcia, and numerous other Plaintiff Class inmates, alerted Defendant and other FDOC policymakers of their need for a reasonable accommodation.

79. Defendant and other FDOC policymakers knew and/or should have known of Mr. Garcia's and the Plaintiff Class's need for a reasonable accommodation.

80. Defendant and other FDOC policymakers acted intentionally and/or with deliberate indifference to Mr. Garcia's and the Plaintiff Class's need for a reasonable accommodation by, among other things:

A.   failing and intentionally refusing to authorize the devices Mr. Garcia and the Plaintiff Class requested when such equipment was necessary to reasonably accommodate their disabilities;

B.   failing and intentionally refusing to ensure that Mr. Garcia and the Plaintiff Class will be housed at institutions that transmit television audio over radio signals;

C.   failing and intentionally refusing to investigate into what accommodation for Mr. Garcia and the Plaintiff Class's disabilities would have been reasonable; and

D.   failing and intentionally refusing to reasonably accommodate Mr. Garcia and the Plaintiff Class's serious disability.

WHEREFORE, on this Count Two, Mr. Garcia and the Plaintiff Class demand the following relief:

A.   a judgment declaring that the Defendant has discriminated against Mr. Garcia and the Plaintiff Class in violation of Section 504 of the Rehabilitation Act;

B.   a preliminary and permanent injunction enjoining Defendant, his successors in office, his agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose of effect of violating the Rehabilitation Act and requiring Defendant to immediately adopt a plan, policy, practice, and/or procedure, which will accommodate the needs of deaf and/or hard of hearing inmates by providing them with an opportunity to purchase a radio and other necessary devices that would allow them to hear the radio, and to be assured that they will be housed at an institution that transmits television audio over radio signals, so that they may be able to enjoy the television, as the non-deaf and/or hard of hearing inmates do;

  C. a preliminary and permanent injunction enjoining Defendant from taking approved equipment away from Mr. Garcia and the Plaintiff Class, once Mr. Garcia and the Plaintiff Class are afforded the opportunity to purchase approved equipment that will allow them to hear the television and radio;

  D. a preliminary and permanent injunction enjoining Defendant from transferring Mr. Garcia and the Plaintiff Class to institutions that do not transmit television audio over radio signals;

  E. an award to Mr. Garcia and the Plaintiff Class of their attorneys' fees, expenses and costs of suit, pursuant to 42 U.S.C. § 12205;

  F. an award to Mr. Garcia and the Plaintiff Class of nominal damages for unjust discrimination; and

  G. such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiff and the Plaintiff Class demand trial by jury on all issues that can be heard by a jury.

       Respectfully submitted,

       Randall C. Berg, Jr., Esq.
       Florida Bar No. 318371
       Joshua A. Glickman, Esq.
       Florida Bar No. 43994
       Shawn A. Heller, Esq.
       Florida Bar No. 46346
       Dante Trevisani, Esq.
       Florida Bar No. 72912

       Florida Justice Institute, Inc.

        3750 Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (FAX)
E-mail: *RBerg@FloridaJusticeInstitute.org*
E-mail: *JGlickman@FloridaJusticeInstitute.org*
E-mail: *SHeller@FloridaJusticeInstitute.org*
E-mail*: DTrevisani@FloridaJusticeInstitute.org*

Sharon Caserta, Esq.
Fla. Bar No. 0023117
Deaf/Hard of Hearing Legal Advocacy Program
Jacksonville Area Legal Aid, Inc.
126 W. Adams Street
Jacksonville, Florida 32202
904-353-1320 (V/TTY)
904-356-8285 (FAX)
*sharon.caserta@jaxlegalaid.org*

Attorneys for the Plaintiffs

By:  *s/Randall C. Berg, Jr.*
Randall C. Berg, Jr., Esq.
Florida Bar No. 318371

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 23, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      *s/Randall C. Berg, Jr..*
Randall C. Berg, Jr., Esq.

**SERVICE LIST**
*Garcia. vs. Buss, et al.*
Case No. 4:07-cv-474-SPM/WCS
United States District Court, Northern District of Florida

**By CM/ECF**
Jonathan Sanford, Esq.
Susan A. Maher, Esq.
Assistant Attorneys Generals
Dept. of Legal Affairs
PL 01, The Capitol
Tallahassee, FL 32311
850/414-3300
Fax: 850/488-4872
Email: Susan.Maher@myfloridalegal.com
Jonathan.Sanford@myfloridalegal.com

Attorneys for the Defendant